**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GERALD W. TIMMS,                        )
                                        )
                    Petitioner,         )
                                        )
        v.                              )          Civil Action No. 26-2231 (UNA)
                                        )
ATTORNEY GENERAL,                       )
                                        )
                    Respondent.         )

**<u>MEMORANDUM OPINION</u>**

Petitioner Gerald W. Timms is considered a sexually dangerous person, and he currently is detained pursuant to 18 U.S.C. § 4248 at the Federal Correctional Institution in Butner, North Carolina. *See* Pet. at 1, 3. He demands his immediate release from detention so that he may begin to serve a three-year term of supervised release. *See id*. at 4. As Petitioner knows, "[c]ivil committees may file a habeas corpus petition pursuant to § 2241." *Timms v. U.S. Att'y Gen.*, No. 5:21-HC-2145-BO, 2022 WL 22377184, at *2 (E.D.N.C. Mar. 11, 2022), *aff'd as modified*, 93 F.4th 187 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 356 (2024). But Petitioner files his petition in the wrong federal district and against the wrong Respondent.

A habeas action is subject to "two habeas-specific procedural rules," often referred to as the habeas "channeling" rules. *Dufur v. U.S. Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022). Under the first channeling rule, the petitioner must name his "immediate custodian," who is typically "the warden of the facility where the prisoner is being held." *Id*. (citation and quotation marks omitted). Under the second, the petitioner must bring his habeas petition "in 'the district of confinement.'" *Id.* (same). Here, however, Petitioner has failed to comply with both of these requirements. Although neither requirement is jurisdictional, the D.C. Circuit has recognized that

1

this Court has discretion to dismiss actions that violate these requirements at the screening stage under 28 U.S.C. 1915A.  *Id.* at 1097.

When this Court decides to exercise this discretion, it will often transfer the habeas petition to the U.S. District Court with proper venue.  Here, however, the Court will decline to transfer the case because Petitioner has on at least three prior occasions "tried unsuccessfully to convince a court to discharge him" on grounds that mirror those that he raises here, *see Timms v. U.S. Attorney General*, 93 F.4th 187, 190 (4th Cir. 2024), and, as far as the Court can discern, he fails to raise any intervening facts that might warrant relitigating his claims.  At a minimum, Petitioner understands that the Eastern District of North Carolina is the proper court to hear his case, and should new circumstances support a non-repetitious petition for relief, he can file in that Court. An Order is issued separately.

<div style="margin-left:50%">

RANDOLPH D. MOSS
</div>

DATE: July 8, 2026                     United States District Judge